Trippe, Judge.
There is no power conferred by the Constitution on any Court to grant new trials, except on the Superior Court. The Ac-t organizing the City Court of Atlanta makes no provision as to new trials being granted by the Judge thereof. Wherever that power can be exercised, it is derived from some express grant. The old Inferior Courts did not have the power, and the different City Courts which have the right, get it by special provision, either in the Acts organizing such Courts or some subsequent enactment. The power is now given to the Judges of the County Courts, but it is by the Act of February 24th, 1873. It is true, that by the Constitution, there may be a writ of error from the City-Courts to this Court; and the want of power in such a Court to hear a motion for a new trial may deprive a party, on a writ of error, of the right of being heard on the question of the verdict being against the evidence. But this is a matter for the Legislature. There is the writ of certiorari which might avail in such a case, and also the writs of mandamus and prohibition, though which other rights may be asserted and wrongs prevented.
I will remark, upon. the point made in ■ the argument, that *32 the evidence did not show the child was- begotten and born * within the limits of the city of Atlanta, that the prosecutrix states those .facts positively in her testimony. For a further decision made in connection with this case, see John Tate vs. R. J. Cowart, Judge, application for mandamus, decided at this term.
Judgment affirmed.